STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

UNITED TEXTILE MACHINERY CORP.
Plaintiff

vs.

ATKINS MACHINERY, LLC;
ATKINS MACHINERY, INC.;
GREGORY J. ATKINS, alias; and
SPRINGS INDUSTRIES, INC.
Defendant

C.A. No. 05-2747

# COMPLAINT

Now comes United Textile Machinery Corp. ("Plaintiff") and hereby avers against Atkins Machinery, Inc. ("Atkins Inc."), Atkins Machinery, LLC ("Atkins LLC"), Gregory J. Atkins ("Atkins"), and Springs Industries, Inc. ("Springs") (collectively, the "Defendants") as follows:

## FACTS

1. On or about September 10, 2004, the Plaintiff delivered to the Defendant, Springs, through its alleged exclusive agent Atkins Inc., a purchase order for three (3) complete and fully operational Rotary Screen Printer Ranges (the "Machines"), a copy of which purchase order is attached hereto and is made a part hereof as Exhibit (A) (the "Purchase Order").

2. In advance of the Purchase Order, Exhibit (A), the Plaintiff had been told by Gregory J. Atkins that Atkins Inc. was in fact the exclusive sales agent acting on behalf of Springs for the Machines ordered by Plaintiff, under the Purchase Order, and

True Copy Attest
Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
SUPERIOR COURT
FILED
HENRY S. KINCH JR. CLERK
2005 MAY 31 P 2:36
129435

that if the Plaintiff wanted to purchase the Machines, the Plaintiff would have to purchase same through Atkins.

3. The existence of the exclusive agency relationship between Springs and Atkins was also relayed to the Plaintiff by a representative of Springs, at a visit by Plaintiff to inspect the Machines, in advance of the Plaintiff entering into the agreement to purchase the Machines.

4. Prior to delivering the Purchase Order to the Defendants, with the initial deposit from the Plaintiff of Forty-eight Thousand Five Hundred Dollars ($48,500.00), the Plaintiff, through its duly authorized representatives, did during the month of August, 2004, inspect the Machines and, at that time, the Machines did substantially conform to Plaintiff's Purchase Order, which Purchase Order was accepted by Springs and/or Atkins INC., together with Plaintiff's deposit. A copy of Plaintiff's deposit check, paid to the order of Atkins Machinery, Inc., as Plaintiff was instructed to do by Gregory J. Atkins, President of Atkins, Inc. is attached hereto and is made a part hereof as Exhibit (B). The deposit check clearly states in the memo section, "DEPOSIT ON 3 COMPLETE 120" PRINT RANGES AS AGREED (the "Initial Deposit").

5. By letter dated September 14, 2004, Akins Inc. and Atkins confirmed their representation to the Plaintiff that Atkins Inc. was the exclusive sales agent for Springs for the Machines, wherein Atkins stated, "Confirming Atkins Machinery has agreed to sell the Zimmer Print Machines located at the Springs' Lyman Facility to United Textile Machinery."

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

6. Notwithstanding the fact that at the time of the inspection of the Machines by the Plaintiff, and prior to the Plaintiff placing the Purchase Order, the Machines were substantially complete and operational and in conformity with Plaintiff's Purchase Order, and notwithstanding the fact that Atkins, Atkins Inc. and representatives of Springs, whose actual authority is unknown to the Plaintiff, represented that Atkins Inc. was the exclusive sales agents for Springs, with the authority and ability to sell the Machines and deliver the machines to the Plaintiff in a timely manner, and in conformity with the Purchase Order, the Defendants, Springs, Atkins, Atkins Inc., and Atkins LLC acting in concert with one another, made material misrepresentations to the Plaintiff and acted to deprive the plaintiff of the benefit of its bargain as follows:

A. The Plaintiff acting through its authorized representatives inspected the Machines during August of 2004, advising Springs that Plaintiff was interested in purchasing the Machines from Springs. At the time of that inspection, the Machines were substantially complete and operational. Based on the August of 2004 inspections, the Plaintiff submitted the Purchase Order dated September 10, 2004, together with the Initial Deposit.

B. Springs and Atkins Inc. accepted the Plaintiff's Purchase Order, and the Initial Deposit without objection, and without imposing any conditions.

C. At the time that Springs, and Atkins Inc. accepted the Purchase Order and the Initial Deposit from the Plaintiff, Atkins, Atkins Inc. and Springs failed to advise the Plaintiff that Springs intended to remove essential parts/components from the Machines, which would leave the Machines in a condition of material non-conformance

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

with Plaintiff's Purchase Order, incomplete, and not operational and that Atkins Inc. and/or Springs either did not have the ability and/or authority to perform under the Purchase Order, or were aware of facts or intentions to commit acts, which they failed to disclose to the Plaintiff, which would render them unable to perform under the Purchase Order. Atkins, Atkins Inc. and Springs made material misrepresentations to the Plaintiff, wherein they failed to advise the Plaintiff, that at the time of the acceptance of the Purchase Order and Initial Deposit, Springs, which entity remained in dominion and control over the Machines, was not then willing to sell conforming Machines to the Plaintiff, and Springs intended to remove material components from the Machines for their own use, which rendered the Machines nonconforming and unable to operate for its intended use, under Plaintiff's Purchase Order.

D. After the passage of several weeks, following the acceptance of the Purchase Order by Springs and Atkins Inc., Atkins advised the Plaintiff that Springs remained in dominion and control over the Machines and Atkins claimed that he could not induce Springs to comply with its obligations to the Plaintiff under the Purchase Order. At this time, the Plaintiff did not know that Springs was continuing to remove material components from the Machines for use with other equipment, owned by Springs and/or its related companies.

E. Atkins was continuing to advise the Plaintiff that neither Atkins Inc. nor Springs were willing and/or able to deliver conforming Machines to the Plaintiff and Atkins was now giving indications to the Plaintiff that Atkins Inc. might be buying the

Machines from Springs, and Atkins Inc. might then assume Springs' obligations under the Purchase Order.

F. Based on the foregoing, the Plaintiff, in an attempt to mitigate its damages caused by the Defendants' misrepresentations and breach of agreement, delivered on November 8, 2004, an electronic communication to Atkins stating, "Dear Greg: Can I have some update on your purchase of the printers? As you know, we have had sales for the machines and we have had letters of credit either active or expired and needing amendments. Also, we are approaching the Holidays and its going to be difficult to get riggers and such to move these. We also need to have our people arrange travel from overseas to be here for the dismantling with ample notice to get flights, etc. Greg… I don't want to get on the wrong side of anyone with this. I just need to try to finalize and go forward…"

G. Following the Plaintiff's communication of November 8, 2004, Atkins Inc., Atkins and Springs failed to cure their breach of agreement and/or to mitigate Plaintiff's damages, as for close to a two month period, Atkins, Atkins Inc. and Springs all failed to replace the missing parts to the Machines and failed to provide any notice to the Plaintiff that they could now perform under the Purchase Order.

H. While remaining in material breach under the Purchase Order, the Defendant Springs delivered a written communication to Atkins Inc. dated January 12, 2005, wherein Springs appears to be attempting to separate itself from Atkins, Atkins Inc. and/or Atkins LLC, now inferring that Atkins Inc. was not acting as an authorized agent of Springs in selling the Machines to the Plaintiff, wherein Springs did state, "This will

True Copy Attest
Office of Clerk … Court
… Rhode Island

confirm that we are now releasing the above described Machines to Atkins Machinery, which you had sold to United Textile Machinery." This letter dated January 12, 2005, a copy of which is attached hereto and is made a part hereof as Exhibit (C), was the first time that Plaintiff was advised that Springs was taking the position that the Purchase Order was between the Plaintiff and Atkins Inc. and/or Atkins LLC and not between the Plaintiff and Springs.

I. On or about January 12, 2005, Atkins, Atkins Inc. and/or Atkins LLC delivered a correspondence to the Plaintiff, a copy of which is attached hereto and made a part hereof as Exhibit (D), wherein Atkins, Atkins Inc. and/or Atkins LLC contradicted the Springs correspondence of January 12, 2005, Exhibit (C), attempting to place the fault for the breach of agreement under the Purchase Order back on Springs, by stating, "We never envisioned such a long delay in Springs' releasing the equipment sincerely apologize for this fact."

J. Atkins Inc., Atkins and Atkins LLC knowing that they and Springs made material misrepresentations to the Plaintiff and knowing that they breached their agreement with Plaintiff under the Purchase Order, attempted to cancel the transaction, by further stating in Exhibit (D), "Also, should you no longer wish to purchase these machines, we would be happy to return your deposit in full."

K. The foregoing Exhibits (C) and (D) constitute admissions of liability by all of the Defendants.

Superior Court
Providence, Rhode Island

L. in addition, Atkins, Atkins Inc. and Atkins LLC, now using letterhead of Atkins LLC made additional misrepresentations to the Plaintiff, in the

January 12, 2004 correspondence Exhibit (D), on their own behalf and/or on behalf of Springs, wherein they represented to the Plaintiff that the Machines were "complete including all pumps, all magnet rods, all color probes", and were available and ready for immediate removal, wherein they stated, "If you do not need to remove the machines immediately, we are certainly willing to extend the payment an additional thirty days."

M. In reliance on these representations contained in the January 12, 2005 correspondence of the Defendants, Exhibits (C) and (D), and without waiver of any of Plaintiff's rights and remedies, Plaintiff attempted to accept delivery of the Machines in order to reasonably attempt to mitigate Plaintiff's damages.

N. The Plaintiff did subsequently ascertain that the representations made by the Defendants in the correspondence of January 12, 2005, Exhibits (C) and (D), were materially false. The Defendants failed to advise the Plaintiff that the Machines had been further tampered with by Springs, as additional key components were removed by Springs from the Machines for use on other machinery owned by Springs and/or its affiliates, and the Machines were, in fact, not operational as of January 12, 2005.

O. Prior to discovering that the Defendants' representations as contained in Exhibits (C) and (D) were materially false, and again in an effort to reasonably mitigate its damages, without waiver of any rights and remedies, on February 22, 2005, the Plaintiff delivered an additional deposit on account to the Defendants of One Hundred and Fifty Thousand and 00/100 Dollars ($150,000.00). The Plaintiff advised the Defendants that it would deliver the balance of the purchase price and take

delivery of the Machines subject to inspection of the Machines and conformity of the Machines to the Purchase Order, on March 30, 2005.

P. The Defendants accepted the additional deposit of $150,000.00 from the Plaintiff, on which deposit check it specifically referenced the Plaintiff's September 10, 2004 purchase Order, "P.O. No. 2614." A copy of the additional deposit of One Hundred Fifty Thousand Dollars ($150,000.00) is attached hereto and is made a part hereof as Exhibit (F).

Q. In reliance on the Defendants' representation that the machines were complete and conforming to the Purchase Order and that Plaintiff could take delivery on March 30, 2005, the Plaintiff incurred additional expense in hiring machine riggers for the purpose of removing the Machines, and the Plaintiff hired an expert to inspect the Machines for compliance with the Purchase Order, which inspection was to have taken place on March 29, 2005.

R. On March 29, 2005, the Plaintiff discovered that the parts which had been unlawfully removed from the Machines had not been replaced by the Defendants. As of March 29, 2005, the Machines remained not operational and stripped of key components, and in material noncompliance with the Purchase Order.

S. The Defendants, now acting through Atkins, LLC, admitted that the Machines remained in material non-compliance in a correspondence delivered to the Plaintiff, dated April 6, 2005, a copy of which is attached hereto and is made a part hereof as Exhibit (E). In Exhibit (E), the Defendants represented that some of the parts necessary to allow the Machines to become somewhat operational would be delivered no

True Copy Attest
Clerk
Counties of ... & Bristol
Providence, Rhode Island

later than the first week of May. The Defendants were now proposing that Plaintiff accept delivery of the Machines, which had many of its key components removed, some of which components would be replaced with replacement parts in boxes, not assembled to the Machines, and with other components neither attached to the Machines or otherwise available with the Machines, and which Machines were not in operating condition, all in material nonconformity with Plaintiff's Purchase Order.

7. Based on the continuing material breach and the continuing material misrepresentations by the Defendants, the Plaintiff delivered a demand to the Defendants dated May 12, 2005, stating that Plaintiff "will no longer accept delivery of the three (3) Rotary Screen Print Ranges under United's Purchase Order No. 2614," based on the material breach by the Defendants and the Defendants' many material misrepresentations and other wrongful actions and demanding return of Plaintiff's deposit of One Hundred and Ninety-Eight Thousand, Five Hundred and 00/100 Dollars ($198,500.00).

8. The Plaintiff's demand has been refused by the Defendants.

## COUNT I

## BREACH OF CONTRACT

9. The Plaintiff hereby incorporates Paragraphs 1 through 8 of this Complaint and makes them a part hereof as if restated in their entirety.

10. The actions of the Defendants constitute a material breach of agreement under the applicable law.

11. As a direct result of the actions of the Defendants, the Plaintiff has suffered damages.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

WHEREFORE, the Plaintiff respectfully demands that judgment enter against all Defendants as follows:

A. For compensatory damages, plus interest and costs; and

B. For such other and further relief as this Honorable Court deems just and appropriate.

UNITED TEXTILE MACHINERY CORP.

By Its Attorneys,

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: May 31, 2005

**COUNT II**

**FRAUD**

12. The Plaintiff hereby incorporates Paragraphs 1 through 8 of this Complaint and makes them a part hereof as if restated in their entirety.

13. The actions of the Defendants constitute their knowingly making false representations of material facts, on which the Plaintiff reasonably relied, to its detriment, thus constituting the intentional tort of fraud.

A true Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

14. As a direct result of the actions of the Defendants, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff respectfully demands that judgment enter against all Defendants as follows:

A. For compensatory damages, plus interest, costs and attorneys' fees;

B. For punitive damages in an amount deemed just and proper by this Honorable Court; and

C. For such other and further relief as this Honorable Court deems just and appropriate.

UNITED TEXTILE MACHINERY CORP.

By Its Attorneys,

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: May 31, 2005

**COUNT III**

**ALTERNATIVE COUNT FOR BREACH OF WARRANTY OF AGENCY**

15. The Plaintiff hereby incorporates Paragraphs 1 through 8 of this Complaint and makes them a part hereof as if restated in their entirety.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

16. This Count is pleaded in the alternative, as if the evidence establishes that the Defendants Atkins, Atkins, Inc. and/or Atkins, LLC were not acting as an authorized, exclusive agent for Defendant Springs, then Atkins, Atkins, Inc. and/or Atkins, LLC have intentionally and knowingly breached their warranty of agency.

17. As a direct result of the actions of Atkins, Atkins, Inc. and Atkins, LLC, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff respectfully demands that judgment enter against Defendants Atkins, Atkins, Inc. and Atkins, LLC as follows:

A. For compensatory damages, plus interest, costs and reasonable attorneys' fees;

B. For punitive damages in an amount deemed just and proper by this Honorable Court; and

C. For such other and further relief as this Honorable Court deems just and appropriate.

UNITED TEXTILE MACHINERY CORP.

By Its Attorneys,

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: May 31, 2005

## COUNT IV

## ALTERNATIVE COUNT FOR INTENTIONAL INTERFERENCE WITH KNOWN CONTRACTUAL RELATIONS

18. The Plaintiff hereby incorporates Paragraphs 1 through 8 of this Complaint and makes them a part hereof as if restated in their entirety.

19. This Count is pleaded in the alternative, as if the evidence establishes that Defendants Atkins, Atkins, Inc. and/or Atkins, LLC were not acting as an authorized exclusive agent for Defendant Springs, then the actions of Springs constitute the intentional interference with known contractual relations.

20. As a direct result of the actions of Defendant Springs, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff respectfully demands that judgment enter against Defendant Springs as follows:

A. For compensatory damages, plus interest, costs and reasonable attorneys' fees;

B. For punitive damages in an amount deemed just and proper by this Honorable Court; and

True Copy Attest
Court
Bristol
Island

C. For such other and further relief as this Honorable Court deems just and appropriate.

UNITED TEXTILE MACHINERY CORP.

By Its Attorneys,

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: May 31, 2005

**COUNT V**

**AIDING AND ABETTING IN THE COMMISSION OF A TORT**

21. The Plaintiff hereby incorporates Paragraphs 1 through 8 of this Complaint and makes them a part hereof as if restated in their entirety.

22. This Count is pleaded in the alternative, as if the evidence establishes that Defendants Atkins, Atkins, Inc. and/or Atkins, LLC were not acting as an authorized exclusive agent for Defendant Springs, then the actions of Springs constitute aiding and abetting in the commission of the tort of fraud.

23. As a direct result of the actions of Defendant Springs, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff respectfully demands that judgment enter against Defendant Springs as follows:

A. For compensatory damages, plus interest, costs and reasonable attorneys' fees;

B. For punitive damages in an amount deemed just and proper by this Honorable Court; and

C. For such other and further relief as this Honorable Court deems just and appropriate.

UNITED TEXTILE MACHINERY CORP.

By Its Attorneys,

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: May 31, 2005

**COUNT VI**

**BREACH OF CONTRACT BY DEFENDANT SPRINGS AND LIABILITY TO THE PLAINTIFF AS A KNOWN AND INTENDED THIRD PARTY BENEFICIARY**

24. The Plaintiff hereby incorporates Paragraphs 1 through 8 of this Complaint and makes them a part hereof as if restated in their entirety.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

25. This Count is pleaded in the alternative, as if the evidence establishes that Defendants Atkins, Atkins, Inc. and/or Atkins, LLC were not acting as an authorized, exclusive agent for Defendant Springs, then to the extent that Springs was contracting with Atkins, Atkins, Inc. and/or Atkins, LLC to sell them the Machines in conformity with the Purchase Order, knowing that Atkins, Atkins, Inc. and/or Atkins, LLC was then intending to sell the Machines to the Plaintiff under the Purchase Order, to the extent that Defendant Springs breached its agreement with Atkins, Atkins, Inc. and/or Atkins, LLC, Defendant Springs is liable to the Plaintiff, as a known and intended third party beneficiary of that contract.

26. As a result of the actions of Defendant Springs, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff respectfully demands that judgment enter against Defendant Springs as follows:

A. For compensatory damages, plus interest, costs and reasonable attorneys' fees; and

B. For such other and further relief as this Honorable Court deems just and appropriate.

UNITED TEXTILE MACHINERY CORP.

By Its Attorneys,

Bruce W. Gladstone (#2643)
CAMERON & MITTLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: May 31, 2005

G:\nbd\United\Pldgs\complaint.doc

Exhibit A

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island